IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laurie Fuentes, | ) |
| Plaintiff, | ) Case No. 23-cv-00971 |
| v. | ) |
| | ) Judge Edmond E. Chang |
| Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra, James M. Derwinski, *in his individual capacity*, Marion Chemasko, *in her individual capacity*, and Gwen Reeves, *in her individual capacity*, | ) Magistrate Judge Sunil R. Harjani |
| Defendants. | ) |

**Plaintiff's Response to Defendants' Motion to Enforce Settlement Agreement**

Plaintiff Laurie Fuentes ("Fuentes"), by counsel, provides the following response to Defendants' Motion to Enforce Settlement Agreement [CM/ECF Document #45]:

1. The settlement "**in principle**" reached on August 21, 2023 was "**non-binding**," as clearly stated in Judge Harjani's minute order from that date. [CM/ECF Document #43] (emphasis added).

2. Since then, despite Judge Harjani's continued assistance (including settlement discussions[1] on November 13 and 21, 2023), the Parties have been unable to reach an agreement as to a material term of the settlement in principle—assurance that Fuentes will receive retirement service credit for the months during which she was off work.

3. To date, Metra has refused to provide, within a written agreement, assurance that Fuentes will receive the retirement service credit. On the other hand, Plaintiff has steadfastly maintained that she needs such assurance before there can be a deal.

---

[1] Statements made during these discussions would support Plaintiff's argument, but she cannot disclose any such statements due to Local Rule 83.5.

4.	A settlement agreement is enforceable only "if there was a meeting of the minds or mutual assent to all material terms." *Skyway Brokerage, Inc. v. OnPoint Logistics, LLC*, 2023 WL 6908015, at *6 (N.D. Ill. July 21, 2023) (citing *Abbott Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999) (citing *SBL Assoc. v. Village of Elk Grove*, 617 N.E.2d 178, 182 (Ill. App. 1993)).

5.	There has never been a binding, enforceable settlement agreement because there has never been a meeting of the minds—or mutual assent—to one of the material terms, assurance that Fuentes will receive the retirement service credit.

6.	Accordingly, there is nothing here that the Court can enforce. *See Caramel Crisp v. Putnam*, 2020 WL 10978626, at *1 (N.D. Ill. Oct. 16, 2020) (refusing to enforce a "non-binding settlement in principle" where the parties could not come to an agreement as to a material term thereafter).

WHEREFORE, Fuentes respectfully requests that the Court deny Defendants' motion in its entirety.

Submitted by:

/s/ Julie Herrera
/s/ Steve Molitor

Law Office of Julie O. Herrera
159 N. Sangamon St., Ste. 200
Chicago, IL 60607
312-479-3014 (Phone)
708-843-5802 (Fax)
jherrera@julieherreralaw.com
smolitor@julieherreralaw.com